```
                IN THE DISTRICT COURT
          FOR THE DISTRICT OF MASSACHUSETTS

LIM DOUK KIM, et al.,              )
                                   )
        Plaintiffs,                )
                                   )
                                   )
    v.                             )   CASE NO.: 04-CV-11410-DPW
                                   )
                                   )
UNITED STATES DEPARTMENT OF        )
THE INTERIOR,                      )
                                   )
        Defendant.                 )
                                   )   ANSWER
```

Now comes Defendant, United States Department of the Interior ("Defendant"), by and through its attorney, Michael J. Sullivan, United States Attorney, who hereby answers the allegations contained in Plaintiffs', Lim Douk Kim and Park Café and Gallery, Inc., ("Plaintiffs") Complaint as follows:

    1.   Defendant admits the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

    2.   Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

    3.   Defendant admits the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

    4.   Defendant admits only that it rents the second floor space above the former location of the Park Café to the Lowell Telecommunications Corporation ("LTC").

5.   Defendant admits only that pursuant to Sections 2 and 21 of the lease between the United States of America and Kim Chun, Vannarat Sarin, and Savaan Park (which lease was assigned to Plaintiff Park Café and Gallery, Inc., and provides in relevant part that: "The Lessee hereby leases the following described premises . . . consisting of 5,120 square feet of finished space, together **with the right to use in common, with others entitled thereto, the hallways, stairways, and elevators**, necessary for access to said lease premises, lavatories, and utility rooms thereto."), keys and alarm codes were given to LTC.

6.   Defendant admits only that the Park Café owners are immigrants from Cambodia, but is without knowledge or information sufficient to form a belief as to all other allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.   Defendant denies the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.   Defendant admits the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.   Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.  Defendant denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. Defendant is without knowledge or information sufficient to form belief as to the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14. Defendant admits only that it sent a Notice of Default to the lessees concerning ten (10) different violations of lease provisions, including but not limited to the failure to pay rent, but denies all other allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Upon information and belief, Defendant states that it was informed that the LTC Directors offered Plaintiff $2,000.00 for relocation expenses and $10,000.00 for back rent in consideration for assignment of the Park Café's leasehold rights. Defendant admits that McCrary was a director of LTC at the time, but denies all other allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19. Defendant admits only that federal law requires handicap access for the LTC unit and that the building elevator was the best means to provide such access, but denies all other allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. Defendant admits only that the Park Café was closed "by Order of the Board of Health," but is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. Defendant admits only that locks and codes were changed in June, 2003, but is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24. Defendant admits only that notice was sent to Park Café's counsel on September 25, 2003, stating that the National Park Service would re-enter and take possession of the leased premises by reason of default for failure to pay rent and numerous other lease violations.

25. Defendant admits the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. Defendant admits only that equipment left by Plaintiff within the former leased premises was sold at auction, but is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28. Defendant repeats and re-asserts all answers to allegations contained in Paragraphs 1-27 of Plaintiffs' Complaint as if set forth at length.

29. Paragraph 29 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required. To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.  Defendant admits only that a key to the Park Café was provided to the LTC, but denies that this was without permission since the lease to Park Café provided that the leased premises came "together with the right to use in common, with others entitled thereto, the hallways, stairways, and elevators."

31.  Paragraph 31 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required.  To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.  Defendant repeats and re-asserts all answers to allegations contained in Paragraphs 1-31 of the Plaintiffs' Complaint as if set forth at length.

33.  Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.  Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.  Paragraph 35 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required.  To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36. Paragraph 36 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required. To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37. Defendant repeats and re-asserts all answers to allegations contained in Paragraphs 1-36 of Plaintiffs' Complaint as if set forth at length.

38. Paragraph 38 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required. To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39. Paragraph 39 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required. To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40. Paragraph 40 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required. To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41. Paragraph 41 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required. To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42. Paragraph 42 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required. To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43. Defendant repeats and re-asserts all answers to allegations contained in Paragraphs 1-42 of Plaintiffs' Complaint as if set forth at length.

44. Paragraph 44 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required. To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45. Paragraph 45 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required. To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46. Defendant repeats and re-asserts all answers to allegations contained in Paragraphs 1-45 of Plaintiffs' Complaint as if set forth at length.

47. Paragraph 47 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required. To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48. Paragraph 48 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required. To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49. Defendant repeats and re-asserts all answers to allegations contained in paragraphs 1-48 of Plaintiffs' Complaint as if set forth at length.

50. Defendant admits the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51. Paragraph 51 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required. To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52. Paragraph 52 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required. To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53. Defendant repeats and re-asserts all answers to allegations contained in Paragraphs 1-52 of Plaintiffs' Complaint as if set forth at length.

54. Defendant is without knowledge or information sufficient to form a belief as to the reasons that the owners of Park Café leased the premises, but admits only that the premises

were leased for less than fair rental value and denies all other allegations contained in Paragraph 54 of Plaintiffs' Complaint.

    55. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

    56. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

    57. Defendant admits only that the lease called for rent to be renegotiated for the period beginning February 1, 2002, but denies all remaining allegations contained in Paragraph 57 of Plaintiffs' Complaint.

    58. Defendant admits only that pursuant to Section 4.e of said lease, the rent for the period from February 1, 2002, to January 31, 2003, was renegotiated from the below-market level of $2.00 per square foot to $4.00 per square foot; the rent for the period from February 1, 2003, to January 31, 2004, was renegotiated from the below-market level of $4.00 per square foot to $6.00 per square foot; the rent for the period from February 1, 2004, to January 31, 2005, was renegotiated from the below-market level of $6.00 per square foot to $8.50 per square foot. Defendant denies the remaining allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59. Paragraph 59 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required. To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60. Paragraph 60 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required. To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61. Defendant repeats and re-asserts all the answers to allegations contained in Paragraphs 1-60 of Plaintiffs' Complaint as if set forth at length.

62. Defendant admits the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63. Paragraph 63 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required. To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64. Paragraph 64 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required. To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 64 of Plaintiffs' Complaint.

65. Defendant repeats and re-asserts all answers to the allegations contained in Paragraphs 1-64 of Plaintiffs' Complaint as if set forth at length.

66.  Paragraph 66 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required.  To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

67.  Paragraph 67 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required.  To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68.  Paragraph 68 of Plaintiffs' Complaint calls for a legal conclusion to which no answer is required.  To the extent that an answer is deemed required, Defendant denies the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

1.  Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2.  Defendant breached no duty owed Plaintiffs.

3.  The Court is without subject matter jurisdiction to entertain Plaintiffs' Complaint pursuant to 28 U.S.C. § 1346(a)(2), which provides that any claim against the United States founded upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in excess of $10,000.00 are to be brought exclusively in the United States Court of Federal Claims.

4.   The Court is without jurisdiction to entertain Plaintiffs' claim pursuant to 28 U.S.C. § 2680(h) to the extent that said claim alleges interference with contract rights.

>Respectfully submitted,
>
>By its attorney,
>United States Department of
> the Interior,
>
>MICHAEL J. SULLIVAN
>United States Attorney,
>
>  /s/Gina Walcott-Torres
>By: Gina Walcott-Torres
>Assistant U.S. Attorney
>John Joseph Moakley U.S. Courthouse
>1 Courthouse Way, Suite 9200
>Boston, MA 02210
>(617) 748-3369

Dated:   September 16, 2004

**CERTIFICATE OF SERVICE**

This is to certify that I have this 16th day of September, 2004, served upon the persons listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

        Denis T. Teague
        174 Central Street
        Suite 404
        Lowell, MA 08152


        /s/Gina Walcott-Torres
        Gina Walcott-Torres
        Assistant United States Attorney