IN THE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIM DOUK KIM, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | CASE NO.: 04-CV-11410-DPW |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| THE INTERIOR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO
FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

The Defendant, United States Department of the Interior, through the National Park Service (hereinafter collectively "NPS"), hereby submits this memorandum of law in support of NPS' Motion to Dismiss Plaintiffs' Civil Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) (failure to state sufficient facts to establish jurisdiction of this Court over the subject matter of this action), and 12(b)(6) (failure to state a cause of action upon which relief may be granted). For the reasons set forth below, NPS' Motion should be allowed in its entirety.

**I. INTRODUCTION**

On February 1, 1995, the Lowell Historic Preservation Commission ("Commission") entered into a ten-year lease that was subsequently assigned to the plaintiff, the Park Café & Gallery ("Park Café"), in 1999. (Complaint, ¶ 1.) NPS assumed responsibility for the administration of this lease after the Commission terminated in 1995. (See **Exhibit A** – Lease.)[1]

---

[1] The attachment of exhibits to a Rule 12(b)(1) motion does not convert it to a Rule 56 motion. While the court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion, it may consider such materials on a Rule 12(b)(1) motion to assist in determining jurisdiction. Gonzalez v. U.S., 284 F.3d 281, 288 (1st Cir. 2002), citing Heinrich v. Sweet, 44 F. Supp. 2d 408, 412 (D. Mass. 1999), and White v. Comm'r of Internal Revenue, 899 F. Supp. 767, 771 (D. Mass. 1995)("[A] court is not bound by the allegations in the pleadings when considering motions to dismiss for lack of subject matter jurisdiction brought under Rule 12(b)(1)").

Park Café initiated this eight-count action against NPS for $947,250, along with interest and attorney's fees. (Complaint, p. 13.) Park Café alleges that NPS improperly gave staff from the Lowell Telecommunications Corporation ("LTC"), the second floor tenant, access to Park Café's premises. (Complaint, pars. 5, 7, 30, 36, 39, 44, and 51.)

## II.  FACTUAL AND PROCEDURAL BACKGROUND

During its tenancy, Park Café violated its lease with NPS in numerous respects.[2] Additionally, Park Café failed to maintain a timely and proper payment schedule. (See **Exhibit B** –Bills of Collection Log.) In fact, December 10, 2002, was the last time Park Café made any payment whatsoever to NPS. (See Exhibit B.) After the December,2002, payment Park Café remained $3,119.98 in arrears. (See Exhibit B.) On April 23, 200, NPS sent a notice of default to Park Café in the amount of $12,506.64. (See **Exhibit C** – Notice of Default.) On September 25, 2004, - - almost two years after Park Café's last rental payment, - - NPS sent a notice of repossession to Park Café. (See **Exhibit D** – Notice of Repossession.) On or about October 1, 2004, NPS repossessed the Park Café premises. (Complaint, ¶ 27.)

Park Café alleges that NPS improperly gave staff from second floor tenant LTC access to Park Café's premises. (Complaint, ¶¶ 5, 7, 30, 36, 39, 44, and 51.) NPS provided LTC with a key and access codes for use of an elevator on Park Café's premises in order to provide handicap access to the second floor unit where LTC was located. (Complaint, ¶ 5.) NPS provided LTC with access to the elevator, and hence Park Café's premises, pursuant to Sections 2 and 21 of the

---

[2] These violations included, but were not limited to: (1) failure to maintain comprehensive public liability insurance as required pursuant to Section 13 of the lease; (2) failure to comply with Lowell City ordinances by virtue of failure to obtain business permits as required by Section 7 of the lease; (3) failure to obtain consent of the Lessor before making alterations to the premises pursuant to Section 9 of the lease, using loud speakers in a manner so as to interfere with the quiet enjoyment of other building tenants as required by Section 20(g) of the lease; (4) causing offensive odors and loud noise constituting a nuisance to other tenants in violation of Section 20(1) of the lease; (5) failure to provide evidence of pest control services and semi annual cleaning of exhaust ducts pursuant to Sections 23(c) and (d) of the lease; (6) failure to maintain the fire suppression system for the range hood and sprinkler system pursuant to Section 24(e) of the lease; and, (7) failure to maintain and clean the eating area tables pursuant to Section 24(j) of the lease.

lease, which state in relevant part: "[t]he Lessee hereby lease the following described premises . . . constituting of 5,120 square feet of finished space, **together with the right to use in common, with others entitled thereto, the hallways, stairways, and elevators**, necessary for access to said leased premises, lavatories, and utility rooms thereto." (See Exhibit A, emphasis supplied.)[3]

### III.  LEGAL ARGUMENT

Park Café's eight-count complaint is essentially a breach of contract claim, over which this Court has no jurisdiction. Additionally, to the extent that Park Café alleges negligence and other tortious conduct, the Federal Tort Claims Act, 28 U.S.C. §§ 1346 et seq. ("FTCA"), bars Park Café's claims.

   1.  The United States Court of Federal Claims has Exclusive Jurisdiction Over Park Café's Contractual Claims.

The United States Court of Federal Claims maintains **exclusive** jurisdiction over any claim upon an express or implied contracts with the United States or its agencies,[4] pursuant to the Contract Disputes Act of 1978 ("Act"), 41 U.S.C. § 609(a)(1).[5] Additionally, the FTCA only provides the United States District Courts with jurisdiction over claims upon express or implied contracts with the United States where those claims do not exceed $10,000 in amount, and are

---

[3] Park Café further alleges that NPS' actions during repossession were improper. (Complaint, pars. 62-64, 67-68.) However, Section 15(c) of the lease clearly states that in the event "the Lessee fails to make payment of any installment of rent . . . and such failure continues for seven (7) days . . . then . . . **the Lessor shall have the right to . . . re-enter and take complete possession of the leased premises, to declare the lease ended, and remove the Lessee's effects**. . . ." (See Exhibit A, emphasis supplied.) Moreover, Section 18 of the lease required the Lessee to remove all of its goods and effects upon termination of the lease, and, if Lessee failed to do so, granted Lessor the right to "sell at public or private sale, without notice, **any and all of the property not so removed**." (See Exhibit A, emphasis supplied.)

[4] NPS, as an agency of the United States, enjoys sovereign immunity except to the extent waived. See United States v. Sherwood, 312 U.S. 584, 586 (1941) (" . . . the terms of the [United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.")

[5] For purposes of the FTCA, the amount for determining jurisdiction is akin to a statute of limitations. It is not for the courts to extend the conditions for suit that Congress has imposed. See United States v. Kubrick, 444 U.S. 111 (1979).

not subject to the Act. 28 U.S.C. § 1346(a); see also United States v. 6.321 Acres of Land, 479 F.2d 404 (1st Cir. 1973)(contractual actions requesting damages in excess of $10,000 are to be brought exclusively in the Court of Federal Claims).

Accepting the allegations of Park Café's complaint as true for the purposes of this motion, on September 1, 1995, Park Café and NPS entered into a 10-year lease agreement. (Complaint, ¶ 1.) Park Café alleges that this contract was breached by NPS when NPS gave LTC keys and access codes. (Complaint, ¶¶ 5, 7, 30, 36, 39, 44, and 51.) Park Café further alleges that NPS' actions during and after repossession were improper, despite these actions being expressly permitted by the lease. (Complaint, ¶¶ 62-64, 67-68; see also Exhibit A.) Park Café seeks $947,250.00 in damages for what is essentially breach of contract, which is well over the FTCA jurisdictional bar of $10,000. (Complaint, p. 13.)

As the Court of Federal Claims has exclusive jurisdiction over Park Café's contractual claims against NPS, those claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.[6]

   2.   Park Café's Tort Claims are Barred by FTCA Exemptions, or Otherwise Fail to State a Claim Upon Which Relief May be Granted.

As a sovereign power, the United States may be sued only to the extent that it has consented to suit by statute. United States Dep't of Energy v. Ohio, 503 U.S. 607 (1992). In granting its consent to be sued, the United States may attach such conditions, and limitations, as

---

[6] Park Café also raises numerous tort claims based primarily on NPS' provision to LTC of keys and access codes in accordance with Sections 2 and 21 of the lease. (Complaint, ¶¶ 5, 7, 30, 36, 39, 44, and 51.) In Awad v. United States, the United States Court of Appeals for the Federal Circuit stated that "where a tort claim stems from a breach of contract, the cause of action is ultimately one arising in contract. . . ." 301 F.3d 1367, 1372 (Fed. Cir. 2002); quoting Wood v. United States, 961 F.2d 195, 198 (Fed. Cir. 1992). The Wood Court noted that "in cases such as this, where the 'tort' complained of is based entirely upon breach by the government of a promise made by it in a contract so that the claim is in substance a breach of contract claim, and only incidentally and conceptually also a tort claim," the FTCA waiver of sovereign immunity should not apply. 961 F.2d at 198; quoting Woodbury v. United States, 313 F.2d 291, 295 (9th Cir. 1963). As Park Café's tort claims are based upon an alleged breach of contract by the government (NPS), those claims must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.

4

it deems proper, and strict compliance with those conditions is an absolute requirement. Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993)(holding that waiver of FTCA sovereign immunity is conditioned upon strict compliance with exhaustion requirement), cert. denied, 510 U.S. 1109 (1994). Waivers of sovereign immunity must be strictly construed in favor of the sovereign, and may not be enlarged beyond what the language of the waiver requires. West v. Gibson, 527 U.S. 212 (1999).

The FTCA is the sole and exclusive statutory waiver of sovereign immunity of the United States for actions alleging tortious conduct. D.S.I. Corp. v. Sec'y of Hous. & Urban Dev., 594 F.2d 177 (9th Cir. 1979). In 28 U.S.C. § 1346(b)(1), the FTCA authorizes suit "for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." Congress, however, has carefully circumscribed this waiver of sovereign immunity. Accordingly, the liability of the United States under the FTCA is subject to the various exceptions contained in 28 U.S.C. § 2680. United States v. Gaubert, 499 U.S. 315 (1991).

For example, the government is not liable for any claim based upon "an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation. . . ." 28 U.S.C. § 2680(a). Nor is the government liable under the FTCA for "[a]ny claim arising out of . . . misrepresentation, deceit, or interference with contract rights. . . ." 28 U.S.C. § 2680(h).[7]

---

[7] The "misrepresentation exception" extends to a wide range of communicative activity. Muniz-Rivera v. United States, 326 F.3d 8 (1st Cir. 1993). The Supreme Court has observed that, in enacting section 2680(h), Congress "clearly meant to exclude claims arising out of negligent, as well as deliberate, misrepresentation." Id., quoting United States v. Neustadt, 366 U.S. 696, 702 (1961). Thus, the exception insulates the government against liability for conveying false or inaccurate information. Id.; see also Jimenez-Nieves v. United States, 682 F.2d 1, 4 (1st Cir. 1982) (noting that misrepresentation, as an independent tort, is comprised of the dissemination of false information and the reliance by the plaintiff upon that information).

The remainder of the tort claims asserted by Park Café that are not merely contract claims disguised as tort claims, are barred by various FTCA exemptions,[8] and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.[9]

### 3. Plaintiffs' Requests for Prejudgment Interest and Attorney's Fees Must Also be Denied.

Plaintiff moves this Court to award not only damages, but also prejudgment interest and attorney's fees. The request for prejudgment interest must be denied, as the FTCA expressly prohibits the award of prejudgment interest. 28 U.S.C. § 2674 (2004); see also Lucarelli v. United States, 943 F. Supp. 157 (D.P.R. 1996), citing Library of Cong. v. Shaw, 478 U.S. 310, 318 n.6 (1986). Additionally, the FTCA does not itself provide for the awarding of attorney's fees, even to a prevailing party. Lucarelli, 943 F. Supp. at 158; citing Campbell v. United States, 835 F.2d 193, 196 (9th Cir. 1987); Joe v. United States, 772 F.2d 1535, 1536-37 (11th Cir. 1985). That said, Section 2678 of the FTCA *does* limit the amount an attorney may charge a client to twenty-five percent of a court settlement or judgment. 28 U.S.C. § 2678 (2004); see also Lucarelli, 943 F. Supp. at 158.

---

[8] Briefly, Park Café's trespass claim (Count II) fails because the actions complained of, as alleged, were committed by LTC staff, employees, and officers (Complaint, ¶¶ 34-35), who are **not** government employees as required by 28 U.S.C. § 1346(b). Park Café's negligence claim (Count III) is prohibited by 28 U.S.C § 2680(a) because, as a landlord, NPS had a duty under federal regulations to adequately accommodate any handicap persons who may have wished to visit LTC, or have access to the second floor of the building. (Complaint, ¶¶ 5, 38-41.) Park Café's fraud in the inducement claim (Count VI) is expressly barred by 28 U.S.C § 2680(h) as a claim arising out of misrepresentation, deceit, or interference with contractual rights. Additionally, as plaintiff was not a party to the original formation of the contract, it is questionable whether Park Café even has standing to bring a fraud in the inducement claim. Finally, on October 21, 2004, plaintiff's counsel indicated to the Court (Woodlock, D.J.) during a Scheduling Conference his intention to bring claims against NPS Superintendent McCrary and/or LTC. To date, as a result of an alleged breakdown in communication between plaintiff's counsel and plaintiff, plaintiff has failed to amend the Complaint in any way. Notwithstanding this fact, even if Park Café were to bring evidence of any deceit or misrepresentation on the part of McCrary, this too would be prohibited by 28 U.S.C § 2680(h).

[9] Park Café's only other claim is for alleged frustration of business purpose (Count V). However, frustration of business purpose, otherwise known as commercial frustration, is an extension of the impossibility defense. Comdisco Disaster Recovery Serv., Inc. v. Money Mgmt. Sys., Inc., 789 F. Supp. 48, 52 (D. Mass., 1992). As such, it is a request for relief from a contract, and not a recognized cause of action upon which relief can be granted.

## IV.   CONCLUSION

For the foregoing reasons, NPS respectfully requests that the Court dismiss Park Café's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) and (12)(B)(6).

                                          Respectfully Submitted,

                                          Defendant,

                                          By its attorney,
                                          MICHAEL J. SULLIVAN
                                          United States Attorney

                                  By: /s/Gina Y. Walcott-Torres
                                          Gina Y. Walcott-Torres
                                          Assistant U.S. Attorney
                                          1 Courthouse Way, Suite 9200
                                          Boston, MA 02210
                                          (617) 748-3369

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel certifies that she has informed counsel for the plaintiffs of the relief requested by this motion both in open court at the October 21, 2004, Scheduling Conference and via telephonic messages.

                                              /s/Gina Y. Walcott-Torres
                                              Gina Y. Walcott-Torres
                                              Assistant U.S. Attorney