LEASE NO. 1443LE1978950001


Between

U.S. DEPARTMENT OF THE INTERIOR


LOWELL HISTORIC PRESERVATION COMMISSION
(LESSOR)

and

THE PARK CAFE & GALLERY
(LESSEE)




Market Mills Commercial Lease
The Park Cafe & Gallery- 1443LE1978950001

# TABLE OF CONTENTS

1.  Parties
2.  Premises
3.  Term
4.  Rent
5.  Utilities
6.  Use of Leased Premises
7.  Compliance with Laws
8.  Maintenance of Premises
9.  Alterations
10. Subordination
11. Lessor's Access
12. Indemnification and Liability
13. Lessee's Liability
14. Fire Casualty
15. Default, Bankruptcy, Termination
16. Holding Over
17. Notice
18. Surrender
19. Non-discrimination
20. Conformance
21. Common Areas
22. Lessor Costs
23. Lessee Costs
24. Operation by Lessee
25. Severability
26. Subject to Appropriations

Attachment A:  Floor Plan

Attachment B:  Non-discrimination Provision

1443LE1978950001

# MARKET MILLS COMMERCIAL LEASE
## The Park Cafe & Gallery

| 1. | PARTIES | The UNITED STATES OF AMERICA acting through the Lowell Historic Preservation Commission, hereinafter referred to as "LESSOR", its heirs and successors, does hereby lease to Kim Chun, Vannarat Sarin, and Savaann Prak, the Park Cafe & Gallery, hereinafter referred to as "LESSEE", its heirs and successors as of the date affixed below. |
|---|---|---|

| 2. | PREMISES | The LESSEE hereby leases the following described premises at Market Mills Melting Pot hereinafter referred to as the "leased premises, " and further referenced in Attachment A; space consisting of 5,120 square feet of finished space, together with the right to use in common, with others entitled thereto, the hallways, stairways, and elevators, necessary for access to said leased premises, lavatories, and utility rooms thereto. |
|---|---|---|

| 3. | TERM | The term of this lease shall be from February 1, 1995, through January 31, 2005, with option for an additional ten years. |
|---|---|---|

| 4. | RENT | The LESSEE covenants and agrees to pay LESSOR: |
|---|---|---|

a. Rent at Fifty cents ($.50) per square foot of leased premises effective April 1, 1995 through January 31, 1997.  Rent shall be payable at the monthly rate of $213.33 which equals $2,560 annually.  It is agreed the month of February and March, 1995 shall be rent free during closure for renovations.

b. Rent for the period of February 1, 1997 through January 31, 1999 will be at the rate of Seventy-five cents ($.75) per square foot payable at the monthly rate of $320.00 which equals $3,840 annually.

c.  Rent for the period of February 1, 1999 through January 31, 2000 will be at the rate of one dollar ($1.00) per square foot payable at the monthly rate of $426.67 which equals $5,120 annually.

d.  Rent for the period of February 1, 2000 through January 31, 2002 will be at the rate of two dollars ($2.00) per square foot payable at the monthly rate of $853.34 which equals $10,240 annually.

e.  Rent for the period February 1, 2002 to January 31, 2005 shall be renegotiated. At the end of this period, rent shall be renegotiated should LESSEE elect to exercise option rights provided for in Article 3, Term .

f.  The first monthly rent payment shall be due on April 1, 1995 and subsequent payments shall be due thereafter on or by the first calendar day of every month. Rent for any fraction of a month shall be prorated. All payments of rent beginning April 1, 1995 through May 31, 1995 shall be made payable to the Lowell Historic Preservation Commission and addressed to:

Lowell Historic Preservation Commission
222 Merrimack Street
Lowell, MA  01852

Payments beginning June 1, 1995 and thereafter shall be made payable to the National Park Service and addressed to:

Lowell National Historical Park
169 Merrimack Street
Lowell, MA  01852

or at such other address as LESSOR shall designate in writing.

5.  UTILITIES

The LESSOR shall provide and pay for the maintenance of  heat, ventilation, air conditioning

Market Mills Commercial Lease
The Park Cafe & Gallery- 1443LE1978950001
Page 2

(HVAC) system, and exhaust system. The LESSEE shall install and pay all electricity and gas systems and all uses needed in connection with sale operation and services within the leased premises. LESSOR agrees to furnish equipment sufficient to provide reasonable heat, ventilation and air conditioning, lighting to hallways, stairways, utility rooms and common areas during normal business hours of every regular business day subject to interruption due to any accident, to make repairs, alterations or improvements, to labor difficulties, to trouble in obtaining fuel, electricity, service or supplies from the sources from which they are usually obtained for said building, or to any cause beyond the LESSOR's control. In the event that an interruption occurs for any of these reasons, LESSEE agrees to make no deductions from any rental payments due the LESSOR. If LESSEE fails to pay any utility, LESSOR may pay the same and such payment be added to the LESSEE's next monthly rent.

6.  USE OF LEASED PREMISES

The LESSEE shall use the lease premises during the term hereto for the sole and expressed purpose of preparing food for sale to the public, marketing school products, conducting public school classes, and presenting entertainment, subject to the licensing requirements of the City of Lowell. The LESSEE shall not permit any use of the leased premises which will make voidable any insurance on the property of which the leased premises are a part, or on the contents of said property of which shall be contrary to any law or regulation from time to time established by the New England Fire Insurance Rating Association, or any similar body succeeding to its powers.

7.  COMPLIANCE WITH LAWS

The LESSEE acknowledges that no trade or occupation shall be conducted in the leased premises or use made thereof which will be unlawful, improper, noisy or offensive, or contrary to any law or any municipal by-law or ordinance in force in the City of Lowell. The LESSEE shall comply with all Federal, State, and local health and safety laws. The LESSEE shall receive all necessary licenses, permits, and approvals in operating a

Market Mills Commercial Lease
The Park Cafe & Gallery- 1443LE1978950001
Page 3

business on the premises and show evidence thereof prior to opening for business.

8. MAINTENANCE OF PREMISES

The LESSEE agrees to maintain the leased premises in the same condition as found as of the LESSEE's opening date or as they may be put in by the LESSEE during the term of this lease, reasonable wear and tear, damage by fire and other casualty only excepted.

The LESSEE shall not permit the leased premises to be overloaded, damaged, stripped or defaced. Damage to the premises caused by LESSEE or caused by bringing into the premises any property for LESSEE's use, regardless of fault or by whom such damage shall be caused, shall be promptly repaired to the LESSOR's satisfaction at LESSEE's expense. The LESSOR agrees to repair LESSOR installed utility systems, structural and demising walls, floors, entrances, windows, doors , and common areas owned. Written notice shall be made by the LESSOR to the LESSEE within seven (7) days of any major changes to the premises.

9. ALTERATIONS

The LESSEE shall make no structural alterations to the leased premises, but may make non-structural alterations, including signs, provided the LESSOR consents thereto in writing, which consent shall not be unreasonably withheld or delayed. All such permitted alterations shall be the LESSEE' s expense and shall be constructed in a manner similar to and at least equal in quality to the existing construction. Permitted alterations shall be performed promptly, efficiently and competently by duly qualified or licensed persons without interference with or disruption of the operations or like activity of other tenants or LESSOR. All such work shall comply fully with all Federal, State or local codes, rules, regulations, permits and ordinances.

LESSEE shall not permit any mechanics' liens, or similar liens, to remain upon the leased premises for labor and/or materials furnished to LESSEE or claimed to have been furnished to LESSEE in connection with work of any character performed or claimed to have been performed at the direction

of the LESSEE an shall cause any such lien to be released of record forthwith without cost to the LESSOR. Any fixed alterations or improvements made by the LESSEE shall become the property of the LESSOR at the termination of occupancy as provided herein, except that trade fixtures and equipment owned by the LESSEE and installed in the leased premises shall remain the property of the LESSEE, if removable without damage to the premises.

| 10. | SUBORDINATION | This lease shall be subject and subordinate to any and all mortgages, deeds of trust and other instruments in the nature of a mortgage, now or at any time hereafter, a lien or liens on the property of which the leased premises are a part and the LESSEE shall, when requested, promptly execute and deliver such written instruments as shall be necessary to show the subordination of this lease to said mortgages, deed of trust or other such instruments in the nature of a mortgage. |

| 11. | LESSOR'S ACCESS | The LESSOR or agents of the LESSOR may with reasonable notice, enter to view the leased premises and may remove placards and signs not approved and affixed as herein provided, and make repairs and alterations as LESSOR should elect to do and may show the leased premises to others, and at any time within three (3) months before the expiration of the terms, may affix to any suitable part of the leased premises a notice for letting the leased premises or property, of which the lease premises are part and keep the same to affixed without hindrance of molestation. |

| 12. | INDEMNIFICATION | The LESSEE shall hold the LESSOR, harmless any and all loss and damage occasioned by the use of the property by the LESSEE, its agents, employees, and invitees, including but not limited to use of escape of water or by the bursting of pipes, or by any nuisance made or suffered on the leased premises, unless such loss is caused by the neglect of the LESSOR. The removal of snow and ice from sidewalks bordering upon the leased premises shall be the LESSOR's responsibility. |

Market Mills Commercial Lease
The Park Cafe & Gallery- 1443LE1978950001
Page 5

13. **LESSEE'S LIABILITY INSURANCE**

The LESSEE will keep in force at its expense the : term of this lease agreement, public liability insurance with respect tot he leased premises and the property of which the leased premises are a part, comprehensive public liability insurance in the amount of one million dollars ($1,000,000) property damage insurance with minimum limits of fifty thousand dollars ($50,000), in responsible companies qualified to do business in Massachusetts and in good standing therein insuring the LESSOR as well as LESSEE against injury to persons or damage to property as provided.

The LESSEE shall deposit with the LESSOR certificates for such insurance at or prior to the commencement of the term, and thereafter within thirty (30) days prior to the expiration of any such policies. All such insurance certificates shall provide that such policies shall not be canceled without at least ten (10) days prior written notice to each assured named therein.

14. **FIRE CASUALTY**

Should a substantial portion of the lease premises, or the property of which they are apart, be substantially damaged by fire or other casualty the LESSOR may elect to terminate this lease. When such fire, casualty, or taking renders the lease premises substantially unsuitable for their intended use, a just and proportionate abatement of rent shall be made, and the LESSEE may elect to terminate this lease if:

a.   The LESSOR fails to give written notice within thirty (30) days of intention to restore leased premises; or

b.   The LESSOR fails to restore the leased premises to a condition substantially suitable for their intended use within ninety (90) days of said fire, casualty or taking.

15. **DEFAULT, BANKRUPTCY, TERMINATION**

In the event that:

a.   The LESSEE fails to make payment of any installment of rent or other sum herein

specified and such failure continues for seven (7) days after written notice thereof; or

b.    The LESSEE shall have been given notice of failure to pay any installment of rent on two (2) occasions during a lease year; or

c.    The LESSEE shall default in the observance of performance of any other of the LESSEE's covenants, agreements, or obligations hereunder and such default shall not be corrected within fourteen (14) days after written notice thereof; or

d.    The LESSEE shall be declared bankrupt or insolvent according to law, or, if any assignment shall be made of LESSEE's property for the benefit of creditors,

then the LESSEE agrees LESSOR shall have the right thereafter, while such default continues, to re-enter and take complete possession of the leased premises, to declare the term of this lease ended, and remove the LESSEE's effects, without prejudice to any remedies which might be otherwise used for arrears of rent or other default. The LESSEE shall indemnify the LESSOR against all loss of rent and other payments, including electric and gas heating costs, which the LESSOR may incur by reason of such termination during the residue of the term. If the LESSEE shall default, after reasonable notice thereof, in the observance or performance of any conditions or covenants on LESSEE's part to be observed or performed under of by virtue of any of the provisions in any article of this lease, the LESSOR, without being under any obligation to do so and without thereby waiving such default, may remedy such default for the account and at the expense of the LESSEE. If the LESSOR makes any expenditures or incurs any obligations for payment of money in connection therewith, including but not limited to reasonable attorney's fees in

Market Mills Commercial Lease
The Park Cafe & Gallery- 1443LE1978950001
Page 7

instituting, prosecuting or defending any action or proceeding, such sums paid or obligations insured, with interest at the rate of twelve (12) per cent per annum and costs, shall be paid to the LESSOR by the LESSEE as additional rent.  Termination of lease, regardless of reason, will not entitle the LESSEE to relocation assistance benefits under 42 U.S.C. 4621 et seg.

16.    HOLDING OVER

If LESSEE shall be in possession of the premises at the end of the term with the consent of the LESSOR, the tenancy under this lease shall become month to month, terminable by either party on thirty (30) days' notice in writing, subject to all conditions, provisions and obligations of this lease including the rental terms specified in Paragraph 4(a).  The LESSEE shall have the option to extend the term of this lease for an additional Ten ~~five~~ years upon the expiration of the original term. Such option may be denied by the LESSOR if LESSEE has failed to satisfactorily meet any and all lease obligations during the previous term or failed to meet the standards of quality established by the LESSOR.

The LESSEE shall notify the LESSOR in writing of LESSEE's intent to continue lease no later than sixty (60) days before the expiration date of the term of this lease.  Rent for the term of a subsequent lease shall be negotiable between the parties.

17.    NOTICE

Any  notice from one party to the other relating to the leased premises or to the occupancy thereof, shall be deemed duly served if mailed registered or certified mail, postage prepaid and addressed to the LESSEE as follows:

Mr. Kim Chun
145 Post Office Square
Lowell, MA  01852
Telephone # (508) 441-2271 (H)
(508) 454-3443 (W)

Mr. Vannarat Sarin
119 B Boulders Drive
Amherst, MA  01002
Telephone # (508) 937-8911

Savann Prak
600 Westford Street
Lowell, MA 01851
Telephone # (508) 452-6382

To the LESSOR as follows through May 31, 1995:

Lowell Historic Preservation Commission
222 Merrimack Street, Suite 310
Lowell, MA 01852
(508) 458-7653

After June 1, 1995 to:

Lowell National Historical Park
169 Merrimack Street
Lowell, MA 01852
(508) 459-1020

18.   SURRENDER        The LESSEE shall at the expiration or other
termination of this lease remove all LESSEE's good
and effects from the lease premises, (including,
without hereby limiting the generality of the
foregoing, all signs and lettering affixed or painted
by the LESSEE, either inside or outside the lease
premises).  LESSEE shall deliver to the LESSOR the
leased premises and all keys, locks thereto, and
other fixtures connected therewith and all
alterations and additions made to or upon the
leased premises, the same condition, clean of dirt
and debris, as they were at the commencement of
the term, reasonable wear and tear and damage by
fire or other casualty only expected.  In the event of
the LESSEE's failure to remove any of LESSEE's
property from the premises, LESSOR is hereby
authorized, without liability to LESSEE for loss or
damage thereto, and at the sole risk of LESSEE,  to
remove and store any of the property at LESSEE's
expense, or to retain same under LESSOR's control
or to sell at public or private sale, without notice,
any or all of the property not so removed and to
apply the net proceeds of such sale to the payment
of any sum due hereunder, or to destroy such
property.  In the event of the LESSEE's failure to
return the premises in substantially the same

Market Mills Commercial Lease
The Park Cafe & Gallery- 1443LE1978950001
Page 9

condition as at time of occupancy, clean of dirt and debris, LESSOR may enter the premises and clean or repair the premises at LESSEE's expense.

19.  NON-DISCRIMINATION

LESSEE shall not discriminate against any person on the basis of race, color, national origin or sex in the use of the leased property.

LESSEE shall comply with: 1) the terms and intent of Title V and VI of the Civil Rights Act of 1964, 42 U.S.C. ss 2000d, 2000e, as amended, and with the regulations promulgated pursuant thereto by the Secretary of the Interior in 43 CFR 17; 2) with the provision in Attachment B; and 3) with Title V, Sections 503 and 504 of the Rehabilitation Act of 1973, 29 U.S.C. ss 793, 794, as amended which required that Government contractors and subcontractors take affirmative action to employ and to advance in employment qualified handicapped individuals and that no qualified handicapped individuals shall solely by reason of a handicap be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity conducted by an Executive agency or program or activity receiving Federal financial assistance.

20.  CONFORMANCE

LESSEE agrees to conform to the following provisions during the term of this lease:

a.  No auction, fire, bankruptcy or going out of business or similar sales may be conducted within the leased premises without the written consent of LESSOR.

b.  LESSEE shall not use the sidewalks adjacent to the leased premises or other common areas for business purposes without written consent of LESSOR.

c.  LESSEE shall receive and deliver or cause the receipt or delivery of goods and merchandise through the rear service entrance via the courtyard loading area during normal business hours. In no instance and at no time shall the passageway entrance be used

for delivery or receipt of goods or merchandise.

d.  LESSEE shall not place on the exterior of the leased premises any signs or any other symbols, advertisements, lights or other objects visible to public view outside the leased premises without consent of LESSOR. Appropriate guidelines shall be provided by the LESSOR.

e.  LESSEE's and LESSOR's employees and agents shall not solicit business in the common areas, without the written consent of the LESSOR.

f.  All garbage and refuse shall be promptly disposed of by the LESSEE in a designated area. Garbage or refuse too large for the trash dumpster shall be removed by the LESSEE at LESSEE's expense. At no time shall LESSEE's refuse or garbage be disposed of in public trash bins, stored in any areas outside of the leased premises in a manner which results in offensive odors. All refuse must be collected in adequate storage containers and be disposed of on a daily basis. No refuse is to be left on the premises at the end of any business day.

g.  No loudspeakers, television, phonographs, radios or other devices shall be used in a manner so as to interfere with the quiet enjoyment of the other building tenants of the leased premises.

h.  The plumbing facilities shall not be used for any other purpose than that for which they are constructed and no foreign substance of , and the expense of any breakage, stoppage, misuse or damage resulting from a violation of this provision shall be borne by LESSEE who shall, or whose employees, agents or invitees shall have caused it.

i.  LESSEE shall not perform any act or carry on any practice which may injure the leased premises or any other part of the premises or cause any offensive odors or loud noise or constitute a nuisance or menace to any other tenant(s) or other persons on the premises.

j.  LESSEE shall not use any portion of the lease premises for storage or other services, except for its operations in the leased premises.

k.  Nothing shall be done upon or about the lease premises which shall be unlawful, improper, or contrary to any law, ordinance, regulation or requirement of any public authority or insurance inspection or rating bureau or similar organization having jurisdiction, or which may adversely affect the quality of the leased premises or premises as a whole. LESSEE will promptly comply with any such law, ordinance, regulation or requirement provide that if LESSEE wishes to contest any such compliance, LESSEE shall post such security with LESSOR as LESSOR shall deem adequate pending such contest.

l.  LESSEE will not drill or make any holes in the stone or brickwork and the leased premises will not be overloaded, damaged or defaced.

m.  LESSEE will observe and comply with, and will cause its employees and agents to observe and comply with reasonable rules, as shall be given to LESSEE during the term of this lease.

n.  Notwithstanding any other provisions of the lease, LESSEE covenants and agrees that it will not assign this lease or sublet (which term without limitation, shall include the granting of concessions and the like) the whole or any part of the leased premises without, in each instance, having first received the express written consent of LESSOR and in any case where LESSOR

shall consent to such assignment or subletting, the LESSEE named herein shall remain fully liable for the obligations of the LESSOR hereunder, including without limitation, the obligation to pay the rents, electric and gas costs, and other amounts provided under this lease. The sale or the transfer of a beneficial interest of LESSEE, or any guarantor of LESSEE if LESSEE be a trust or other entity, which results in a change in control or a change in a beneficiary, as the case may be, shall for the purposes of this Section, be deemed an assignment and the provisions of this Section shall apply.

21.    COMMON AREAS    LESSOR grants to LESSEE and its agents, employees and customers a non-exclusive license to use all common areas, entryways, stairways and utility rooms in common with others during the term of the lease subject to the exclusive control and management at all times by the LESSOR.

22.    LESSOR COSTS    LESSOR costs shall include the following:

a.    The maintenance and operation of heating, ventilation and air conditioning system and exhaust system;

b.    The supply of the trash dumpster and disposal of trash from that dumpster;

c.    The supply, maintenance and operation of the fire prevention sprinkler system;

d.    Real estate taxes;

e.    Machinery, tools, equipment and personnel related to the above services; and

f.    Administrative services related to managing common areas;

g.    Semi-annual fire suppression inspection.

23.    LESSEE COSTS    LESSEE costs shall include but are not limited to:

a.    Rent as specified in Article #4.

b.    All gas and electric used as well as all costs associated with relocating and/or removing such systems.

c.    Pest control services. LESSEE shall regularly supply evidence of such pest control satisfactory to LESSOR.

d.    Semi-annual cleaning of exhaust duct system on 2nd floor as well as hood system in kitchen area. LESSEE shall regularly supply evidence of exhaust duct and hood cleaning satisfactory to LESSOR.

e.    The maintenance of furniture, tables, chairs, owned by LESSOR.

f.    The cost of replacing or adding to the furniture, tables and chairs.

g.    All necessary permits to operate, according to health and safety requirements.

24.   **OPERATION BY LESSEE**

The LESSEE at its sole expense shall:

a.    Open no earlier than 6:00 A.M. and close no later than 9:00 P.M. or as otherwise agreed to in writing by the LESSOR. For private functions, LESSEE shall close no later than 1:30 A.M.

b.    Remain open for business each and every day excluding Easter, Thanksgiving Day, Christmas Day and New Year's Day and two weeks vacation (taken at one week intervals) between Columbus Day and Memorial Weekend (as approved in advance by LESSOR) during uniform and minimum hours that is 11:00 A.M. to 7:00 p.m. Monday through Saturday and 11:00 A.M. to 5:00 P.M. on Sunday, or such other hours as established by the LESSEE and approved in writing by the LESSOR or suffer a penalty of one hundred dollars ($100) per each incident

of partial or full day closure until remedied, unless failure to open is due to immediate family emergency, death, an Act of God, or the actions of the LESSOR as defined in Paragraph 22.

c.   Maintain the leased premises in a clean, orderly, operable, and rodent free condition;

d.   Replace or repair promptly any cracked or broken display case glass;

e.   Keep all mechanical apparatus and equipment free of vibration and noise which may be transmitted beyond the interior of the premises; assure proper functions and periodic inspection of all equipment such as Fire Suppression System;

f.   Light display, sign and task lighting within the premises and turn the same off to extent required by LESSOR;

g.   Comply with and observe all reasonable rules and regulations established by LESSOR from time to time which apply generally to all retail tenants in the food vendor area;

h.   Conduct its business in all respects in a dignified manner in accordance with highest standards of operation as determined by LESSOR.

i.   Install, arrange and maintain in an orderly and attractive manner and at all times displays of merchandise, food and other saleable items and the display of said items shall in no way detract from the general appearance of the premises and further, all countertops must be free and clear of merchandise and display items that would obstruct the free and orderly transaction of business.

j.   Maintain and clean the eating areas including the bussing of the eating area

Market Mills Commercial Lease
The Park Cafe & Gallery- 1443LE1978950001
Page 15

k.  LESSOR shall allow the LESSEE to sell liquor and provide live music for special banquets and/or functions subject to City permits.

*[initials] 3/7/95 | Kim 3/8/95*

tables, removal of debris from the public trash bins, and the cleaning of floors, walls, windows, lavatory, etc.

25  SEVERABILITY

In the event any provision of this lease shall be held to be invalid, the provision held to be invalid shall be deemed to be deleted from this lease, and this lease shall continue in full force and effect as so modified.

26.  SUBJECT TO APPROPRIATIONS

Nothing herein contained shall be construed as binding the LESSOR to expend in any one fiscal year any sum in excess of appropriations made by Congress for the purposes of this lease for fiscal year, or to involve the LESSOR in any contract or other obligation for the further expenditure of money in excess of such appropriations.

IN WITNESS WHEREOF, the parties hereto intending to be legally bound hereby have executed this lease as of this date, the _____ 1st _____ day of _____ February _____ 1995.

LESSOR:  United States of America
Department of the Interior

LESSEE:

_____
Executive/Director
Lowell Historic Preservation Commission

_____
Kim Chun

_____
Vannarath Sarin

_____
Savann Prak

Attachments:  Floor Plans: A
              Non-Discrimination Provisions: B

Market Mills Commercial Lease
The Park Cafe & Gallery- 1443LE1978950001
Page 16

# ATTACHMENT A
## Floor Plans



**ATTACHMENT B**

**Non-discrimination Provision**

CONTINUATION OF CONDITIONS OF THIS LEASE

The following provisions in accordance with executive order no. 11246 of September 24, 1965, as amended by Executive Order No. 11375 of October 13, 1967.

Nondiscrimination. If use of the resource covered by the lease will involve the employment by the LESSEE of a person, or persons, the LESSEE agrees as follows:

1. The LESSEE will not discriminate against any employee or applicant for employment because of race, color, religion, sex, or national origin. The LESSEE will take affirmative action to ensure that applicants are employed, and that employees are treated during employment without regard to their race, color, religion, sex, or national origin. Such action shall include, but not be limited to the following: employment, upgrading, demotion, or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship. The LESSEE agrees to post in conspicuous places, available to employees and applicants for employment, notices to be provided by the LESSOR setting forth the provisions of this nondiscrimination clause.

2. The LESSEE will, in all solicitations or advertisements for employees placed by or on behalf of the LESSEE, state that all qualified applicants will receive consideration for employment without regard to race, religion, sex, or national origin.

3. The LESSEE will send to each labor union or representative of workers with which it has a collective bargaining agreement or other contract or understanding, a notice, to be provided by the LESSOR, advising the labor union or workers' representative of the LESSEE's commitments under Section 202 of Executive Order No. 11246 of September 24, 1965, as amended, and shall post copies of the notice in conspicuous places available to employees and applicants for employment.

4. The LESSEE will comply with all provisions of Executive Order No. 11246 of September 24, 1965, as amended, and of the rules, regulations, and relevant orders of the Secretary of Labor.

5. The LESSEE will furnish all information and reports required by Executive Order No. 11246 of September 24, 1965, as amended, and by the rules, regulations, and orders of the Secretary of Labor, or pursuant thereto, and will permit access to his books, records, and accounts by the LESSOR and the Secretary of Labor for purposes of investigation to ascertain compliance with such rules, regulations, an orders.

6. In the event of the LESSEE's noncompliance with the nondiscrimination clauses of this lease or with any of such rules, regulations, or orders, this lease may be cancelled, terminated or suspended in whole or in part and the LESSEE may be declared ineligible for further Government contracts or leases, in accordance with procedures authorized in Executive Order No. 11246